IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE BARNES, AIS 233189, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) CASE NO. 2:24-CV-668-RAH-KFP |
| ROLANDA CALLOWAY, | ) ) ) |
| Respondent. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.     INTRODUCTION**

Petitioner Michael Barnes, an inmate incarcerated at Kilby Correctional Facility in Mt. Meigs, Alabama, brings this application for habeas relief under 28 U.S.C. § 2254.[1] He seeks to challenge the legality of his parole revocation on judgments entered against him by the Circuit Court for Calhoun County for which he is serving an 18-year term of imprisonment.[2] Doc. 1 at 1. Upon review, the undersigned concludes the petition is due to be transferred to the United States District Court for the Northern District of Alabama.[3]

---

[1] Petitioner initiated this action using the form generally utilized by prisoners to file habeas applications under 28 U.S.C. § 2241 (Doc. 1) and appeared to challenge the constitutionality of his incarceration following the revocation of his parole in 2014 (*id.* at 1). Although a habeas petition is authorized by § 2241, it also is governed by 28 U.S.C. § 2254 because petitioner is "in custody pursuant to the judgment of a state court." 28 U.S.C. § 2254(a). Thus, Barnes's habeas application has been docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Doc. 4; *see also Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003); *Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004)*.

[2] *See* https://doc.alabama.gov/inmatesearch.aspx (last visited October 24, 2024).

[3] Barnes submitted an application for leave to proceed in forma pauperis. Doc. 2. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.   DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, § 2241(d) confers concurrent jurisdiction over a petition for writ of habeas corpus under 28 U.S.C. § 2254 upon the federal district court for the district of the state court of conviction and sentencing or the federal district court in the petitioner's district of incarceration in that state. Section 2241(d) further provides that either such court "in the exercise of its discretion and in furtherance of justice" may transfer a § 2254 petition to "the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Barnes was convicted of offenses in the Circuit Court for Calhoun County, and that court imposed the state sentence he is serving. Calhoun County is located within the federal judicial district of the United States District Court for the Northern District of Alabama. The Court observes that it has jurisdiction to hear Barnes's § 2254 habeas corpus application because he is detained within the federal judicial district of the United States District Court for the Middle District of Alabama.[4] Even so, transfer to the United States

---

[4] Barnes challenges matters associated with a decision by the Alabama Board of Pardons and Paroles to deny him parole, and the Board is in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama. The Board, however, is not a "State court" as provided in § 2241(d) and did not "convict and sentence" Barnes as provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004); *see also Mann v. Crabtree*, No. 2:18-CV40-WHA, 2018 WL 1354795, at *2 (M.D. Ala. Feb. 12, 2018), *report and recommendation adopted*, No. 2:18-CV-40-WHA, 2018 WL 1352169, at *2 (M.D. Ala. March 15, 2018) (following *Carmona*); *Conners v. Alabama*

2

District Court for the Northern District of Alabama—where jurisdiction is appropriate because of Barnes's convictions and sentence in that district—is in the interest of justice.

Here, the matters about which Barnes complains stem from his alleged parole violation(s) following his convictions and sentence in the Circuit Court for Calhoun County, Alabama. The underlying records and witnesses are therefore likely to be in Calhoun County, Alabama. Further, if an evidentiary hearing becomes necessary, the United States District Court for the Northern District of Alabama is a more convenient forum. *See Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 497 (1973) (observing that "Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."). It therefore appears that both the interests of justice and judicial economy would be furthered by a transfer of proceedings to the Northern District of Alabama.[5]

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

---

*Bd. of Pardons & Paroles*, No. 2:17-CV554-MHT, 2017 WL 5634160, at *3 (M.D. Ala. Nov. 6, 2017), *report and recommendation adopted*, No. 2:17CV554-MHT, 2017 WL 5633260 (M.D. Ala. Nov. 22, 2017) (same).
[5] In recommending the transfer of Barnes's petition, this Court expresses no opinion on the merits of his claims.

3

Further, it is ORDERED that by **November 8, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order, and it is therefore not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th CIR. R. 3–1.

DONE this 25th day of October 2024.

    /s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE